IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BENJAMIN A. BISHOP,**
**ADC #146520**                                                                                          **PLAINTIFF**

**V.**                           **CASE NO. 4:20-CV-1243-KGB-BD**

**RAMONA HUFF,** *et al*.                                                                   **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.  **Background**

Plaintiff Benjamin A. Bishop, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit on October 16, 2020, without the help of a lawyer. Mr. Bishop claims that Defendants Ramona Huff and Gary Musselwhite acted with deliberate indifference to his medical needs. (Doc. No. 2) Specifically, he alleges that sometime around June 18, 2020, Defendant Huff, a nurse at the ADC, failed to provide him with

proper medication and treatment for high blood pressure after he was released from the hospital. He alleges that this failure impaired his recovery. (Doc. No. 2) Mr. Bishop alleges that Defendant Musselwhite, a superintendent at the ADC, did not respond to his request for medical care in grievance PB-20-00126. (Doc. No. 2)

Defendants have both moved for summary judgment based on Mr. Bishop's failure to exhaust the administrative process before filing this lawsuit. (Doc. Nos. 15, 18) Mr. Bishop has responded to the motions. (Doc. Nos. 23, 24)

### III.   Exhaustion

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss any claim raised that was not fully exhausted prior to the date the complaint was filed in a lawsuit brought under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) ( "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

There are exceptions to the exhaustion requirement, but they are few in number and narrow in scope. Even so, the law only requires exhaustion of "such administrative

remedies as are available." 42 U.S.C. § 1997e(a). The availability of a remedy, according to the Supreme Court, is about more than just whether an administrative procedure is "on the books." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). An administrative remedy is "not capable of use," and therefore unavailable, for example, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859–60.

IV. **Discussion**

During all times relevant to this lawsuit, Administrative Directive (AD) 19-34 governed the ADC inmate grievance policy and procedure. (Doc. No. 15-3) Under AD 19-34, inmates must fully exhaust administrative remedies before filing claims in a § 1983 lawsuit. (*Id*. at 19) To fully exhaust a grievance, inmates must move through a series of steps and appeals. The final step in the process is an appeal to the chief deputy/deputy/assistant director for resolution. A decision or rejection of an appeal at this level ends the grievance process. (*Id*. at 13)

Under the grievance procedure, an aggrieved inmate "must specifically name each individual involved in order that a proper investigation and response may be competed." (Doc. No. 15-3, p.5) In practice, however, courts allow inmates to identify an individual by title or other description so long as the individual's identity is clear enough to put ADC officials on notice.

The procedure sets out time frames for officials to respond to grievances and appeals at every level of the process. If an inmate does not receive a response to a

3

grievance or appeal within the time frame set out in the ADC policy, the inmate must move to the next level of the process anyway if he or she wishes to exhaust the process.

Terri Grigsby Brown, the ADC inmate grievance supervisor, and Jacqueline Buterbaugh, the ADC Medical Grievance Coordinator, have submitted affidavits in support of the Defendants' motions. (Doc. Nos. 15-1, 15-2, 20-1) Ms. Buterbaugh testifies that Mr. Bishop filed two medical grievances between June and October 16, 2020: PB-20-00102 and PB-20-00126. Ms. Brown testifies that Mr. Bishop did not file any non-medical grievances against Defendant Musselwhite between June and October 16. (Doc.No. 15-1, p.7)

Mr. Bishop submitted grievance 102 on June 29, 2020. In that grievance, he complained about Nurse Kirk's delay in treating him for chest pain. According to Mr. Bishop's statement, Nurse Kirk treated him with milk of magnesia rather than immediately calling Defendant Huff and "getting a doctor involved." (Doc. No. 15-5, p.1) Mr. Bishop specifically noted that, his "one complaint is that nurse Kirk showed deliberate indifference to my serious medical need." *Id.* Nurse Kirk is not a defendant in this case.

Ms. Buterbaugh further testifies that Mr. Bishop did not exhaust grievance PB-20-00102. (Doc. No. 15-2, p.8) Here, exhaustion of the grievance process is beside the point. Even if he had fully exhausted grievance PB-20-00102, he did not name or refer to Defendant Musselwhite by title or otherwise. He did refer to Defendant Huff in the grievance, but no reasonable person would think that he intended to lodge a complaint

4

about the treatment she provided. After all, "it was Ms. Huff who got the ambulance on it's [sic] way." (Doc. No. 15-5, p.1)

Mr. Bishop filed the medical grievance PB-20-00126 on July 20. (Doc. No. 15-6, p.4) His "one complaint per this grievance" was that, when he returned to the Pine Bluff Unit from a hospital stay, Nurse Billinglsy [sic] told him that he was no longer prescribed 40mg of blood pressure medication; instead, he was to receive two 25mg of the medication per day. But, he complained, he was actually, "given and made to take the two (25mg) and one (40) mg daily of blood pressure medicine for [fourteen] straight days." (Doc. No. 15-6) "Nurse Billinglsy" is not a defendant in this lawsuit.

Lesa Haynes, the grievance officer at the Pine Bluff Unit, sent Mr. Bishop an acknowledgement that grievance PB-20-00126 had been received by Superintendent Musselwhite. The acknowledgement notified Mr. Bishop that his grievance had been sent to the Health Services Administrator for a response by September 1. (Doc. No. 15-6, p.3) It is undisputed that Mr. Bishop did not receive a response by September 1. In fact, the Health Services Administrator waited until October 5 to find the grievance to be "without merit." (Doc. No. 15-6, p.5)

Mr. Bishop did not appeal the denial of grievance PB-20-00126. He argues, however, that he should be excused from exhausting the grievance because the Health Administrator's late response made the grievance process unavailable to him for purposes of the PLRA. That argument is unpersuasive because the ADC grievance policy provides that inmates may proceed to the next step in the exhaustion process if they do not receive

5

a response within the time frame set out in the policy. In other words, there is no excuse for an inmate's failure to appeal a grievance, even in the absence of a timely response.

But again, it is irrelevant whether Mr. Bishop appealed grievance PB-20-00126 because he did not refer to either Defendant Musselwhite or Defendant Huff by name or title. No reasonable official would know to investigate either of those individuals based on Mr. Bishop's complaint that Nurse Billinglsy [sic] told him he would receive one dosage and he was actually administered a higher dosage of blood pressure medication. Neither the fact that the grievance passed through Superintendent Musselwhite's office nor the fact that Defendant Huff responded to the grievance gives rise to a claim for relief. Participation in the grievance process, standing alone, cannot support a constitutional claim for relief.

## V.     Conclusion

The Court recommends that Defendants' motions for summary judgment (Doc. Nos. 15, 18) be GRANTED based on a failure to exhaust the administrative process. The claims should be DISMISSED without prejudice.

DATED this 4th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE